TOWN OF GLOSTER *v.* EDWIN R. HARRELL ET AL.*

1. CONSTITUTIONAL LAW.   *Const.* 1890, *sec.* 82.   *Official bonds.*

    Section 82, constitution of 1890, requiring the legislature to fix the penalty of official bonds, has no application to offices created by statute.

2. OFFICIAL BONDS.   *Municipal treasurer.*   *Approval.*   *Code* 1892, § 3055.

    Where the municipal authorities fix the amount of the bond of the town treasurer, and approve and accept as his official bond a bond bearing only the signatures of those who, without request, became his sureties, it is valid under code 1892, § 3055, providing that such bond shall be valid if delivered as the official bond of an officer and serving as such, and binding on every person who subscribes it for the purpose of making it the official bond of the officer.

3. MUNICIPALITIES.   *Treasurer.*   *Elective.*   *Code* 1892, § 2978.   *Typographical error.*

    The original code 1892, § 2978, on file in the office of the secretary of state, provided for the election of the municipal treasurer; the word "treasurer" is, by error, omitted from the paragraph of § 2978 specifying the municipal officers to be elected by the people. (Concurring opinion.)

---

*There were two appeals in this case. The first one was decided at the March term, 1898, not heretofore officially reported; the second one at March term, 1900.

4 CODE. *Printed copies. Original.*

    In case of typographical errors in the code as printed, the original, on file in the office of the secretary of state, controls. (Concurring opinion.)

ON SECOND APPEAL.

5. MUNICIPALITIES. *Official bond. Approval.*

    A defaulting municipal treasurer and his sureties cannot escape liability because his official bond was approved by resolution instead of ordinance.

6. SAME. *Receipt warrant. Code* 1892, *§* 3027. *Evidence.*

    The receipt warrants provided for by code 1892, § 3027, were designed for the protection of municipalities, and a treasurer into whose hands, without such warrants, a town's money has been paid and his sureties, cannot escape liability therefor because of a failure to show receipt warrants, such warrants not being the exclusive evidence whereby to charge them.

FROM the circuit court of Amite county.

HON. WILLIAM P. CASSEDY, Judge, on first trial.

HON. JEFFERSON TRULY, Judge, on second trial.

The town of Gloster, the appellant, was the plaintiff in the court below; Harrell and others, appellees, were defendants there. The suit was upon the official bond of one Ratcliff, the municipal treasurer of the town, the appellees being the sureties on the bond. From a judgment in favor of the defendants sustaining a demurrer to the declaration and dismissing the suit, the plaintiff appealed to the supreme court, the first appeal. The nature of the contentions on this appeal is manifested by the opinions of the court delivered on that appeal.

*McLaurin & McKnight,* for appellant, on first appeal.

*Cassedy & Cassedy,* for appellees, on first appeal.

TERRAL, J., delivered the opinion of the court (on the first appeal).

The town of Gloster sued the defendant as sureties of N. Ratcliff, treasurer of said town, on their bond executed in the

penalty of $3,000 for a sum of money, which it was alleged was received by Ratcliff, as such treasurer, and which he refused to pay over or account for to plaintiff. The declaration alleges that the board of mayor and aldermen of said town fixed the amount of said bond, and approved and accepted the same when executed. Ratcliff did not sign the bond, nor is it averred that he desired the defendants to sign the same as his sureties, or that he knew of its execution by them. Harrell and his co-defendants demurred to the declaration for many causes, and among them: (1) Because said bond is not required by any statute of the state, or any ordinance of said town; (2) because the legislature alone, and not the municipal corporation, could fix the penalty of official bonds; (3) because said bond was not signed or adopted by Ratcliff as his official bond; (4) because no cause of action is stated in the declaration. The court sustained the demurrer, and dismissed the case from court.

If it is necessary for the validity of any official bond, under § 82 of the state constitution, that the legislature fix the penalty of it. we think it is not so in the present case. We think that section of the constitution does not apply to the bonds of officers whose offices are created by the legislature. Sec. 3055, annotated code, provides that "all official bonds shall be valid and binding, if delivered as the official bond of the officer and serving as such, and shall be obligatory on all who subscribed it for the purpose of making the official bond of such officer; and it sufficiently appears from the declaration that the defendants executed the instrument sued on as the official bond of Ratcliff, and that they delivered the same as such, and that it was so accepted. The allegations of the declaration bring the defendant within the very letter of § 3055, code, and the defendants must be taken as bound by said bond.

*The judgment of the circuit court is reversed, and the case is remanded for a new trial.*

WHITFIELD, J., delivered the following concurring opinion (on the first appeal):

The contention that there was no law for the election of the "treasurer" prior to the act of 1896 (Laws, 1896, p. 188), amending code 1892, § 2978, is a mistake as to the law, due to the fact that in having the code published the word "treasurer" was inadvertently omitted in § 2978, following the word "marshal," in the paragraph of the section specifying the municipal officers to be elected by the people. By reference to the original of the code of 1892, filed in the office of the secretary of state, we discovered that this omission had occurred. The "treasurer," therefore (the original code governing in case of conflict with the printed code), has been elective since the code of 1892, under § 2978, as the law really stood.

After the case was remanded to the court below it was there again tried, resulting in a judgment for defendants, from which the plaintiff appealed to the supreme court, the second appeal. The nature of the contentions thereon appears from the opinion of the court delivered thereon.

*Theodore McKnight,* for appellant, on second appeal.

The receipt warrants provided for by code 1892, § 3027, should cut no figure in the case. Surely these warrants were never intended to enable a town treasurer to pocket public funds and escape liability because the officer received the money without them. A peremptory instruction ought to have been given in appellants' favor.

*Cassedy & Cassedy,* for appellees, on second appeal.

The treasurer was prohibited, by code 1892, § 3027, from receiving money from any source until the same had been reported to the clerk and audited and a receipt warrant issued therefor. These warrants are therefore necessarily the exclusive evidence to charge the treasurer. The tax collector, if sued

---

---

(and he should have been, rather than appellees, in this case) could not escape liability by showing payments to the treasurer without showing the receipt warrants.

There was no lawful approval of the bond sued upon. Code 1892, § 2992 requires the approval to be by ordinance, and it cannot be done by a mere order or resolution. Nothing is an ordinance that does not conform to code 1892, §§ 3006, 3007 and 3008.

WHITFIELD, C. J., delivered the opinion of the court (on the second appeal).

It was fatal error to hold that the receipt warrant provided for by § 3027, code of 1892, was the exclusive evidence whereby to charge the appellees. It was part of the fiscal machinery devised to be followed in keeping proper record of the town's moneys, intended for the convenience and protection of the municipality. But it is not the exclusive evidence of the reception of money by the treasurer; the statute does not so provide. Here there was sufficient evidence that both the original and duplicate informal receipt given by the treasurer, had been lost, and also of their contents to charge the appellees. It is not for the treasurer, or his sureties, the money of the town being traced to his hands by other competent evidence, to find shelter under the absence of a mere receipt warrant, or the fact that his bond was approved by resolution, instead of ordinance. Neither he nor they can be heard to make such defense.

*Reversed and remanded.*